7 F.3d 223
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
HOUSEHOLD BANK, Federal Savings Bank, Plaintiff-Appellee,
v.
Janet E. CARLTON, Defendant-Appellant.
 No. 92-1944.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 18, 1993.
Decided: September 30, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-91-697)
 Lewis B. Kean, Jay G. Kauffman, Kauffman & Fraley, Richmond, Virginia, for Appellant.
 Frank E. Brown, Jr., Mary Zinsner, Mays & Valentine, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 Janet E. Carlton signed a guaranty agreement on October 21, 1986, in which she agreed to guarantee a loan of $750,000 made to her husband, J. Robert Carlton, by First Federal Savings and Loan Association of Northern Virginia, the predecessor in interest to Household Bank. When Robert defaulted on the loan, Household sought to recover from Janet on her guarantee. Janet's defense and counterclaim alleged that Household's requirement of her guarantee violated the Equal Credit Opportunity Act (ECOA), 15 U.S.C.A.s 1691 (West 1982 and Supp. 1992). The district court granted Household's motion for summary judgment, finding that (1) any affirmative claims against Household under the ECOA were barred by the statute's two-year limitations period; (2) Virginia law barred the defense of recoupment against a sealed instrument; and (3) in any event, Janet failed to show that Household violated the ECOA by requiring her guarantee where she failed to rebut Household's evidence that Robert did not qualify independently for the loan under Household's standards of creditworthiness. Janet appeals.
 
 
 2
 Actions brought under the ECOA, including counterclaims, must be brought no later than two years from the date of the occurrence of the violation. 15 U.S.C. § 1691e(f) (1988). Janet asserted her claim against Household in March 1992-well beyond the limitations period. The district court properly determined that the common law defense of recoupment, however, was not barred by the limitations period. See Bull v. United States, 295 U.S. 247, 262 (1935). Nevertheless, Janet's claim that Household violated the ECOA is meritless. Under the ECOA, a creditor may not require the signature of a loan applicant's spouse "if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of the credit requested." 12 C.F.R. § 202.7(d)(1) (1992). Household submitted the affidavit of Ms. Rebecca Horton, one of the loan officers involved with the loan application, who stated:
 
 
 3
 [T]he Bank did not feel that there was sufficient excess cash flow to ensure that debt service would be met if there was any variation in the income produced from the property less than that which was projected. Therefore, Janet Carlton's participation and guarantee was considered to be a necessary enhancement to the loan and required until such time as the principal balance of the loan was reduced by an amount of $200,000.
 
 
 4
 Janet offered no evidence as to Household's lending standards or Robert's independent creditworthiness. Therefore, we affirm the district court's order granting summary judgment to Household. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED